UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

---

JOSH POHLMANN,

        Plaintiff,

v.

BELL'S BREWERY INC.,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# C O M P L A I N T

Plaintiff Josh Pohlmann alleges the following for his complaint against Defendant Bell's Brewery Inc.

## NATURE OF THE CASE

1. This is an employment case about retaliation. Plaintiff Josh Pohlmann worked for Defendant and suffered a workplace injury that developed into a disabling condition. Pohlmann took a leave of absence and returned to work under medical restrictions.

2. While on restricted duty, one of Pohlmann's direct reports made a complaint about the negative review (or at least negative from his perspective) that Pohlmann gave him. Defendant began an investigation.

3. The investigation dragged on for several weeks without resolution and the stress of the investigation caused Pohlmann's disability to become worse. Pohlmann's physician advised him about the possible connection between his stress and the worsening of his disability, and his physician advised him that he needed to eliminate or reduce as much stress as possible.

4. Pohlmann told Defendant about the connection between the stress—and, specifically, the stress of the investigation—and the aggravation of his disability. He asked (as a reasonable accommodation) if Defendant could give him an update about when the investigation would conclude or if there was anything he could do to help move the investigation along to a conclusion.

5. In response to his accommodation request and because of his efforts to implement a plan of medical care, Defendant immediately terminated Pohlmann's employment.

6. Due to Defendant's retaliatory firing, Pohlmann has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Josh Pohlmann is an individual person who resides in Kalamazoo County, Michigan.

8. Defendant Bells Brewery is a corporation organized under the laws of the State of Michigan. The company maintains its headquarter office in Galesburg, Michigan.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Americans with Disabilities Act of 1990 in accordance with Title 28 of the

United States Code, Section 1331, because those claims arise under federal law.

11. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

12. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13. Plaintiff Josh Pohlmann worked for Defendant as a brewer from July 2016 until March 13, 2019.

14. Pohlmann performed his job well and to Defendant's expectations. He advanced within the brewery and by the end of his employment he held the job title of lead brewer where he supervised the brewers reporting to him.

15. Pohlmann's job as a brewer required some physically strenuous activity, such as shoveling grain to remove it after its use in the brewing process. And, depending on the particular brewing process, the shoveling of grain sometimes took as much as 80% of Pohlmann's time during some work weeks.

16. In December 2018, the shoveling became too much and Pohlmann experienced a workplace injury where he suffered a severe lumbar strain with attendant nerve pain, muscle spasms, and tension headaches.

17. Pohlmann's injury quickly became progressively worse. He filed a workers' compensation claim in December 2018 and took a leave of absence for several weeks.

18. Among other things, Pohlmann's injury and disabling condition substantially lim-

ited his ability to walk, stand, reach, lift, bend, and work.

19.  In late January 2019, Pohlmann returned to work on medical restrictions that prohibited him from (among other things) lifting more than 10 pounds.

20.  Defendant allowed Pohlmann to work under his medical restrictions where he could perform administrative tasks such as complete performance reviews for his direct reports.

21.  One of the brewers reporting to Pohlmann received a low review from Pohlmann. This brewer complained to Defendant about Pohlmann's review of him and Defendant began an investigation.

22.  The investigation about Pohlmann's review lingered for several weeks without any sort of update or resolution.

23.  The stress of the investigation caused Pohlmann's back to spasm and his related conditions to flare up and to become acutely worse.

24.  Pohlmann's physician advised him about the possible connection between stress and the worsening of his back spasms and flare ups.  His physician advised him to eliminate or reduce as much stress in his life as possible.

25.  In March 2019, Pohlmann told Defendant about the connection between the stress of the investigation and the worsening of his physical condition.  He asked if Defendant had any expectation of when it planned to complete the investigation and asked if there was anything he could do to help move the investigation along or bring it to a close because the stress of the ongoing investigation had aggravated his disability.

26.  After learning of Pohlmann's inquiry and his request, Defendant immediately terminated Pohlmann's employment on March 13, 2019.

27. Pohlmann filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) and has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

28. Pohlmann repeats and incorporates all the previous allegations in his complaint.

29. Pohlmann has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Pohlmann as having a disability and Pohlmann had a history of having a disability.

30. Pohlmann advised Defendant that its prolonged investigation had aggravated his disability and he requested that Defendant provide him with a reasonable accommodation for his disability by concluding the investigation or providing a timeline of when the investigation would conclude.

31. Defendant refused Pohlmann's request for a reasonable accommodation and promptly terminated his employment.

32. Defendant terminated Pohlmann's employment because of his protected activity in seeking a reasonable accommodation for his disability.

33. Defendant retaliated against Pohlmann because of his protected activities and there was a causal connection between Pohlmann's protected activities and the adverse employment actions Defendant took against him.

34. Pohlmann suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

35. Pohlmann repeats and incorporates all the previous allegations in his complaint.

36. Pohlmann has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to his ability to perform the duties of a his job with Defendant. Defendant also regarded Pohlmann as having a disability and Pohlmann had a history of having a disability.

37. Pohlmann advised Defendant that its prolonged investigation had aggravated his disability and he requested that Defendant provide him with a reasonable accommodation for his disability by concluding the investigation or providing a timeline of when the investigation would conclude.

38. Defendant refused Pohlmann's request for a reasonable accommodation and promptly terminated his employment.

39. Defendant terminated Pohlmann's employment because of his protected activity in seeking a reasonable accommodation for his disability.

40. There was a causal connection between Pohlmann's protected activities and the adverse employment actions Defendant took against him.

41. Pohlmann suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3
### RETALIATION IN VIOLATION OF MICHIGAN'S
### WORKERS DISABILITY COMPENSATION ACT

42. Pohlmann repeats and incorporates all the previous allegations in his complaint.

43. Section 301(13) of Michigan's Workers' Disability Compensation Act states that: "A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act." MICH. COMP. LAWS § 418.301(13).

44. Pohlmann filed a claim and initiated proceedings to recover benefits under the Workers' Disability Compensation Act. Pohlmann also asserted a right to obtain necessary medical services and actually exercised that right.

45. Defendant knew that Pohlmann engaged in this conduct protected by the Workers' Disability Compensation Act.

46. Pohlmann's physician advised him about the possible connection between stress and the worsening of his back spasms and flare ups. His physician advised him to eliminate or reduce as much stress in his life as possible. Pohlmann advised Defendant of this fact, and based on the plan of medical care, Pohlmann asked that Defendant take steps to reduce or eliminate his workplace stress.

47. After learning of Pohlmann's request and his efforts to implement a plan of medical care, Defendant promptly terminated Pohlmann's employment.

48. Defendant's termination of Pohlmann's employment was causally connected to Pohlmann's assertion of his rights under the Workers' Compensation Disability Act.

49. Pohlmann suffered damages as a result of the discharge and Defendant's retaliation in violation of the Workers' Disability Compensation Act that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

50. Pohlmann demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

51. Plaintiff Josh Pohlmann requests that the Court enter a judgment in his favor and against Defendant in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

52. Pohlmann also requests that the Court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

JOSH POHLMANN

Dated: September 30, 2019	By:  /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com